HORNE et al., Appellees,

v.

NORTHLAND CONDOMINIUM OWNERS ASSOCIATION, INC. et al., Appellants.

[Cite as *Horne v. Northland Condominium Owners Assn., Inc.*, 150 Ohio App.3d 230, 2002-Ohio-6376.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002–CA–41.

Decided Nov. 22, 2002.

James F. Peifer, for appellees.

William D. West, for appellants.

_____

FAIN, Judge.

{¶ 1} Defendant-appellant Northland Condominium Owners Association, Inc., appeals from a judgment of the trial court enjoining its enforcement of a purported amendment to the declaration of condominium and by-laws of the association. The purported amendment, which was approved by more than 75

percent of the owners of units in the condominium, added the following restriction: "Each unit conveyed after May 1, 1998 shall be for the purpose of owner occupancy." The association contends that the trial court erred by granting the motion of plaintiffs-appellees Jeffrey and Dolores Horne for summary judgment.

{¶ 2} Based upon our review of the record, we conclude that the trial court correctly rendered summary judgment in favor of the Hornes. Accordingly, the judgment of the trial court is affirmed.

I

{¶ 3} The declaration of the Northland Condominium Owners Association, recorded November 15, 1991, contains the following provision, at Section 1, Article XVIII, pertaining to the power to amend the declaration:

{¶ 4} "Except as hereinafter provided, amendment of this Declaration or the other Condominium organizational documents shall require the consent of Unit Owners exercising not less than seventy-five percent (75%) of the voting power of Unit Owners. Notwithstanding the foregoing:

{¶ 5} "A. The consent of all Unit Owners shall be required for any amendment effecting a change in:

{¶ 6} "1. The boundaries of any Unit:

{¶ 7} "2. The undivided interest in the Common Areas appertaining to a Unit or the liability for common expenses appertaining thereto:

{¶ 8} "3. The number of votes in the Association appertaining to any Unit; or

{¶ 9} "4. The fundamental purposes to which any Unit or the Common Areas are restricted."

{¶ 10} Section 2 of the same article provides as follows:

{¶ 11} "An amendment to this Declaration, or the Drawings or the By–Laws, adopted with the consents hereinbefore provided, in a writing executed with the same formalities as this Declaration by two officers of the Association and containing a certification that the amendment was duly adopted in accordance with the foregoing provisions, shall be effective upon the filing of the same with the Auditor and Recorder of Clark County, Ohio."

{¶ 12} In 1998, it was proposed to amend the Declaration to add the following restriction to Subsection O, Section 2, Article III (restrictions):

{¶ 13} "Each unit conveyed after May 1, 1998 shall be for the purpose of owner occupancy."

{¶ 14}   This amendment was evidently approved by over 75 percent of the voting power of the association, but the Hornes returned a ballot expressing their disapproval of the amendment.   Notwithstanding the disapproval of the Hornes, the association caused the amendment to be filed with the Clark County Auditor and Clark County Recorder.

{¶ 15}   The Hornes brought this action to declare the amendment invalid and to enjoin its enforcement.   The Hornes filed a motion for summary judgment. The trial court granted the motion and rendered summary judgment in favor of the Hornes.   From that judgment, the association appeals.

## II

{¶ 16}   The Northland Condominium Owners Association asserts the following assignments of error:

{¶ 17}   "The court erred by interpreting the amendment just the opposite of what it said."

{¶ 18}   "The court erred in finding that the result of the election was unreasonable."

{¶ 19}   "The trial court erred in finding that the plaintiff[s] had no notice of such prohibition at the time of purchase and that a unanimous vote of the owners was required to pass."

{¶ 20}   "The court erred in granting the motion for summary judgment."

{¶ 21}   The essence of all these assignments of error is that the trial court erred in rendering summary judgment in favor of the Hornes.

{¶ 22}   In support of their motion for summary judgment, the Hornes submitted an affidavit in which they averred that copies of the provision in the declaration of condominium providing for amendments, and of the ballot signed and returned by them expressing disapproval of the amendment proposed by the association, were true and accurate copies.   The association did not rebut this evidence.

{¶ 23}   Clearly, the proposed amendment purports to change the fundamental purposes to which any unit is restricted, by providing that each unit must be occupied by its owner.   Thus, according to the clear terms of Article XVIII, the consent of all unit owners was required.   Equally clearly the Hornes, owners of a unit, did not consent.   Therefore, as a matter of law, the amendment never became effective, and the Hornes are entitled to the relief they seek.

{¶ 24}   We agree with the Hornes that the association's first three assignments of error are immaterial.   Regardless of whether the trial court, in its decision, misstated the proposed amendment, regardless of whether the Hornes

had notice of the proposed prohibition at the time they purchased their unit, and certainly regardless of whether the result of the election is deemed "unreasonable," the consent of all unit owners to an amendment of this kind, required by the declaration itself, is lacking. Accordingly, the amendment never became effective.

{¶ 25}   All of defendant-appellant Northland Condominium Owners Association's assignments of error are overruled.

## III

{¶ 26}   All of defendant-appellant Northland Condominium Owners Association's assignments of error having been overruled, we affirm the judgment of the trial court.

Judgment affirmed.

WOLFF, P.J., and FREDERICK N. YOUNG, J., concur.